IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMPRESS CANDACE SPENCER-DEY, ) | CASE NO. 1:16 CV 1227 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| BLAIR MELLING, ) | |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Empress Candace Spencer-Dey filed the above-captioned action against Bedford Municipal Court Judge Blair Melling. In the Complaint, Plaintiff alleges Judge Melling found her guilty of driving without a license and imposed a fine. She asserts claims for treason, fraud, conspiracy, deprivation and due process violations. She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2). That Application is granted.

**Factual and Procedural Background**

Plaintiff's Complaint contains very few factual allegations and is composed largely of meaningless rhetoric. She claims she is not a citizen of the United States but instead considers herself to be a citizen of several states domiciled in sovereign Ohio. Piecing together Plaintiff's allegations, it appears she was charged with driving without a license on March 17, 2015. Her case was heard by Judge Melling in the Bedford Municipal Court. Plaintiff filed motions challenging the

court's jurisdiction and asserting she had a constitutional right to drive without a driver's license. Judge Melling denied the motions. The case was scheduled for trial on August 21, 2015. Plaintiff did not appear in court and Judge Melling issued a capias. Plaintiff was arrested that same day and brought into court. She was fined $500.00.

Plaintiff filed this action to contest the criminal proceedings. She claims she has a constitutional right to travel and this includes the right to drive without a driver's license. She asserts claims against Judge Melling for treason, fraud, conspiracy, deprivation and due process violations because he found her guilty of the offense and fined her. She seeks monetary damages.

## Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the

allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## Discussion

Judicial officers are absolutely immune from civil lawsuits, including those filed under 42 U.S.C. § 1983, which are based on decisions made in the course of presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff contests her traffic court conviction, claiming Judge Melling issued an erroneous decision. She has not presented any facts suggesting one of the exceptions to immunity applies in this case. Judge Melling is therefore absolutely immune from suit.

Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 2, 2016

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.